# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW POWER,<br><br>        *Plaintiff,*<br>    v.<br><br>CONNECTWEB TECHNOLOGIES, INC., MICHAEL BEAULIEU, PAUL BEAULIEU, RUBBER STAMP CHAMP, INC., ANCHOR RUBBER STAMP & PRINTING CO., INC., THE J.P. COOKE COMPANY, and GOOGLE, LLC,<br><br>        *Defendants.* | Civil Action No. 1:22-cv-10030-JGD |

## DEFENDANT RUBBER STAMP CHAMP, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Rubber Stamp Champ, Inc. ("Rubber Stamp") submits this memorandum of law in support of its Motion to Dismiss the First Amended Complaint (the "Complaint") (Dkt. No. 26) filed by Plaintiff Matthew Power pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

## INTRODUCTION

The Complaint asserts two counts against Rubber Stamp: copyright infringement and conspiracy to commit copyright infringement. The claims against Rubber Stamp be dismissed because this Court lacks personal jurisdiction over Rubber Stamp.[1]

Specific jurisdiction is lacking because there are no allegations anywhere in the Complaint that Rubber Stamp's alleged infringement (and conspiracy to commit the same) have

---

[1] Rubber Stamp also joins Defendants' Consolidated Motion to Dismiss for Failure to State a Claim and for Bringing Frivolous and Malicious Claims (Dkt. No. 50).

anything to do with any alleged conduct by Rubber Stamp in Massachusetts.

General jurisdiction is lacking as well. In the post-*Daimler* era, rarely if ever will it be appropriate to exercise general jurisdiction over a corporate defendant in a place other than the state of its incorporation or the state of its principal place of business. *See Ace Am. Ins. Co. v. Oyster Harbors Marine, Inc.*, 310 F.Supp.3d 295, 303 (D. Mass. 2018) (Burroughs, J.). Here, Rubber Stamp is not incorporated in Massachusetts, nor is its principal place of business in Massachusetts. Further, there is not anything else about Rubber Stamp's connection to Massachusetts that would make this the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (U.S. 2014); *Scallop Imaging, LLC v. Blackhawk Imaging, LLC*, 2018 WL 1440314, at *3–4 (D. Mass. Mar. 22, 2018) (Burroughs, J.) (similar). Accordingly, Plaintiff's Complaint against Rubber Stamp should be dismissed in its entirety.

## **RELEVANT BACKGROUND**[2]

### 1. *Plaintiff Alleges Rubber Stamp Champ Infringed His Copyright*

Plaintiff alleges that, when he was an independent contractor for Defendant Connectweb, he wrote a new version of certain software "previously owned by Connectweb" called Custom Vantage Web ("CVW"). Complaint, ¶¶ 26-28. Power contends that he owns the copyright to this "derivative work of CVW," as well as to all other derivative works of the same. *Id.*, ¶¶ 29, 33. According to Plaintiff, Connectweb published a version of CVW containing Plaintiff's

---

[2] The facts are taken from Plaintiff's Complaint and from the declaration of Michael Roozen ("Roozen Dec.") filed in support of Rubber Stamp's Motion to Dismiss, attached hereto as Exhibit 1.

software to "hundreds of clients' websites." *Id.*, ¶ 31. Plaintiff alleges that he later "discovered multiple infringing uses" (*id.*, ¶ 39) and, on November 15, 2021, sent a cease-and-desist letter to "one of the infringers," Rubber Stamp (*id.*, ¶ 40).

Plaintiff alleges that Rubber Stamp "conspired with Connectweb, who hosts all the infringing websites, to ban any Internet Protocol ('IP') address used by Power." *Id.*, ¶ 41. Plaintiff alleges that when Connectweb banned his IP addresses, he was unable to view any infringing websites or send email from his own IP address. *Id.* Plaintiff contends that Rubber Stamp and "Connectweb used the ban to continue to receive millions of dollars of unjust enrichment through the use of his software without authorization," and otherwise harmed him. *Id.*

Plaintiff asserts the following counts against Rubber Stamp: Copyright Infringement (Complaint, ¶¶ 74-80) and Conspiracy to Commit Copyright Infringement (*id.*, ¶¶ 81-88).

### 2. *Rubber Stamp's Contacts with Massachusetts Are Extremely Limited*

Rubber Stamp is a California business with its principal place of business in San Marcos, California. Complaint, ¶ 6. Rubber Stamp's headquarters is also in San Marcos, California. Roozen Dec., ¶ 3. Although named as "Rubber Stamp Champ, Inc." in the Complaint, Rubber Stamp is actually a sole proprietorship, with Michael J. Roozen doing business as Rubber Stamp & Button Champ. *Id.*, ¶ 1. Michael J. Roozen resides in California. *Id.* Rubber Stamp sells its products across the United States, but it has no physical presence in Massachusetts. *Id.*, ¶ 4. While Rubber Stamps sells its products in all 50 states, its annual sales to Massachusetts residents are on par with its sales to customers in states with similar population sizes. *Id.*, ¶ 5. Rubber Stamp has never entered into an agreement with Plaintiff. *Id.*, ¶ 6. Rubber Stamp does not maintain a registered agent for service of process in Massachusetts, it is not registered with

the Secretary of the Commonwealth of Massachusetts, it does not have any offices in Massachusetts, it does not have any telephone listings or mailing addresses in Massachusetts, it does not own assets or bank accounts in Massachusetts, it does not own or lease any property located in Massachusetts, and is not subject to property taxation by Massachusetts. *Id.*, ¶¶ 7-13. Further, Rubber Stamp does not have any employees or agents based in Massachusetts, and it does not purchase advertising within Massachusetts. *Id.*, ¶¶ 14, 15. It has never commenced suit or been sued in the Federal or State Courts within Massachusetts. *Id.*, ¶ 16.

### 3. *Plaintiff's Jurisdictional Assertions Concerning Rubber Stamp*

Plaintiff asserts that this Court has personal jurisdiction over Rubber Stamp "because of the long-arm statute in that [Rubber Stamp] regularly and routinely does business in Massachusetts and maintains minimum business contacts" here. He alleges that Rubber Stamp advertises and sells products to customers located in Massachusetts. Complaint, ¶ 18. Specifically, he claims that Rubber Stamp has sold products "to at least 7,400 customers in Massachusetts totaling more than $345,000.00 in sales during the time of the controversy." *Id*. Plaintiff also asserts that, among the products Rubber Stamp sells to Massachusetts residents, it "sells products that may only be used by Massachusetts notaries, namely Massachusetts notary seals and stamps." Complaint, ¶ 18.

## ARGUMENT

As demonstrated below, the Plaintiffs commenced this action without any good faith basis for asserting personal jurisdiction over Rubber Stamp. Accordingly, this Court is without personal jurisdiction over Rubber Stamp and should dismiss this action.

### I. THIS COURT IS WITHOUT PERSONAL JURISDICTION OVER RUBBER STAMP

In order "[t]o hear a case, a court must have personal jurisdiction over the parties, that is,

the power to require the parties to obey its decrees. The plaintiff bears the burden of proving the court's personal jurisdiction over a defendant." *Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008) (internal quotations and citations omitted). A court may constitutionally "exercise authority over a defendant by virtue of either general or specific jurisdiction." *N. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 24 (1st Cir. 2005), *quoting Mass Sch. of Law at Andover, Inc. v. Am. Bar Assoc.*, 142 F.3d 26, 34 (1st Cir. 1998). Here, neither the requirements for establishing general nor specific jurisdiction can be met, so this Court has no jurisdiction over Rubber Stamp.

  A. **<u>There Is No Specific Jurisdiction</u>**

With regard to specific jurisdiction, the First Circuit has characterized compliance with the Constitution as implicating "1) whether the claims arise out of or are related to the defendants' in-state activities, 2) whether the defendants have purposefully availed themselves of the laws of the forum state and 3) whether the exercise of jurisdiction is reasonable under the circumstances." *Jagex Ltd. v. Impulse Software*, 750 F. Supp. 2d 228, 232 (D. Mass. 2010). Thus, in order for this Court to exercise specific personal jurisdiction over Rubber Stamp, the Plaintiff must establish that (1) his claims directly arise out of, or relate to, Rubber Stamp's Massachusetts activities, *i.e.*, "relatedness"; (2) Rubber Stamp's contacts with Massachusetts represent a purposeful availment of the privilege of conducting activities in Massachusetts, thereby invoking the benefits and protections of its laws and making Rubber Stamp's involuntary presence before this state's courts foreseeable; and (3) the exercise of jurisdiction is, in light of the "gestalt" factors, reasonable. *Id.*, at 232-34. All three prongs of this test must be satisfied in order to confer specific personal jurisdiction. *See A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d

54, 59 (1st Cir. 2016). As discussed below, the Plaintiff cannot satisfy all three of the prongs of this test and, therefore, the Complaint must be dismissed.

### 1. *Plaintiff's Claims Are Not Related to Rubber Stamp's Massachusetts Activities*

"Relatedness requires that the action . . . directly arise out of the specific contacts between the defendant and the forum state." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 35 (1st Cir. 2016) (ellipsis in original; citation and internal quotation marks omitted.) *See also Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 290 (1st Cir. 1999) ("[T]he relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state.") (citation and internal quotation marks omitted).

In order to fulfill the relatedness prong of specific jurisdiction analysis, the Plaintiff must establish that there is a causal nexus between Rubber Stamp's contacts in Massachusetts and the Plaintiff's claims. *See A Corp.*, 812 F.3d at 59. Specifically, the Plaintiff must demonstrate that his alleged injuries would not have occurred but for Rubber Stamp's specific contacts in Massachusetts. *See Sawtelle v. Farrell*, 70 F.3d 1381, 1390-91 (1st Cir. 1995) (holding that New Hampshire effects of non-forum negligence were insufficient to support personal jurisdiction because the communications to the forum were ancillary to allegedly negligent non-forum activities); *Prod. v. Marvel Ent., LLC*, 2016 WL 526145, at *4 (D. Mass. Feb. 9, 2016) (no relatedness because plaintiff did "not allege that any infringing behavior, such as creating the purportedly infringing content, occurred in Massachusetts"); *Interface Group-Massachusetts, LLC v. Rosen*, 256 F. Supp. 2d 103, 107-108 (D. Mass. 2003) (finding no relatedness because defendant's in-forum contacts – including several business trips and phone calls to plaintiff in

Massachusetts – did not cause plaintiff's injury; rather, plaintiff's harm a result of defendant's extra-forum activities); *LaVallee v. Parrot-Ice Drink Prods. of Am., Inc.*, 193 F. Supp. 2d 296, 303 (D. Mass. 2002) (no relatedness because individual defendant's allegedly fraudulent misrepresentations, communicated to plaintiff in Massachusetts, were ancillary to allegedly offending foreign activities of individual's employer).

The case *Gulf Oil Ltd. P'ship v. Petroleum Mktg. Grp., Inc.*, 308 F. Supp. 3d 453 (D. Mass. 2018), is particularly instructive in this regard. In that action, the plaintiff Gulf claimed that the defendant BP tortuously conspired with its co-defendant to deprive Gulf of the benefit of its Distributor Agreement with the co-defendant by causing several dozen Gulf-branded stations to become BP-branded stations. *Gulf Oil Ltd. P'ship*, 308 F. Supp. 3d at 459. Although Gulf alleged BP sold gas throughout Massachusetts, and that the effects of the tortious conduct were suffered in Massachusetts, the claim was dismissed for lack of personal jurisdiction because the gas stations at issue were located out of state, and BP's sale of its gas in Massachusetts was "wholly unrelated to Gulf's claims in this suit." *Id.* at 459-462. The court concluded that "[t]o sustain jurisdiction over BP specific to the claims made in the suit, Gulf must show that those claims arise out of, or are related to, BP's contacts with Massachusetts." *Id.* at 462.

In this case, Plaintiff's allegations concerning the cause of his alleged harm relate to (1) Rubber Stamp's alleged use of CVW containing Plaintiff's software (Complaint, ¶¶ 31, 39, 40) and (2) Rubber Stamp's alleged conspiracy with Connectweb to ban any IP address used by Plaintiff, thereby preventing him from viewing any infringing websites or send email from his own IP address (*id.*, ¶ 41). Significantly, there is no allegation anywhere in the Complaint that ties Rubber Stamp's alleged infringing activities to anything that Rubber Stamp did in Massachusetts. Plaintiff's only allegation about Rubber Stamp's activities in Massachusetts is

7

that Rubber Stamp sold products to Massachusetts consumers (Complaint, ¶ 18). But he does not claim that Rubber Stamp's alleged infringement or conspiracy to commit infringement is at all *related* to those sales, nor has he otherwise demonstrated that his alleged injuries would not have occurred but for Rubber Stamp's sales in Massachusetts. Like the defendant in *Gulf Oil Ltd. P'ship*, Rubber Stamp's sale of its products in Massachusetts is "wholly unrelated to [Plaintiff's] claims in this suit." 308 F. Supp. 3d at 459. Thus, there is no nexus between Rubber Stamp's alleged conduct in Massachusetts and Plaintiff's claims, and therefore the Complaint does not satisfy the relatedness prong of the jurisdictional test. *See Sawtelle*, 70 F.3d at 1390-91; *Gulf Oil Ltd. P'ship*, 308 F. Supp. 3d at 459-462; *Prod.*, 2016 WL 526145, at *4; *Interface Group-Massachusetts, LLC*, 256 F. Supp. 2d at 107-108; *LaVallee*, 193 F. Supp. 2d at 303. On this basis alone, the claims against Rubber Stamp should be dismissed. *See, e.g., United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001) (ruling that because plaintiff "failed to satisfy the first prong of the jurisdictional test, its argument for specific jurisdiction must fail.").

   2. ***Rubber Stamp Has Not Purposefully Availed Itself of The Privileges of Massachusetts***

Should the Court continue its analysis despite the lack of relatedness, the Plaintiff must nevertheless establish that Rubber Stamp purposefully availed itself of the privilege of conducting business in Massachusetts, as "the constitutional touchstone [of the specific jurisdiction analysis] remains whether the defendant purposefully established 'minimum contacts' in the forum state . . . ." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). "The function of the purposeful availment requirement is to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state." *Sawtelle*, 70 F.3d at 1391, *quoting Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). The proper focus is "whether a defendant has 'engaged in any purposeful

activity related to the forum that would make the exercise of jurisdiction fair, just, or reasonable.'" *Sawtelle*, 70 F.3d at 1391; *quoting Rush v. Savchuk*, 444 U.S. 320, 329 (1980).

In cases like this one where a plaintiff seeks to satisfy the purposeful availment prong with allegations of product sales into the forum state through a website, the recent case of *Motus, LLC v. CarData Consultants Inc.*, 520 F. Supp. 3d 87, 93 (D. Mass. 2021), *aff'd*, 23 F.4th 115 (1st Cir. 2022), is instructive:

> courts in the First Circuit have … required not only a nationally available website coupled with an injury felt in the forum state but also intentional conduct by defendant calculated to cause injury in that state. *See, e.g.,* [*Media3 Techs., LLC v. CableSouth Media III, LLC*, 17 F. Supp. 3d 107, 112-1113 (D. Mass. 2014)] (*citing Calder v. Jones*, 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)) ("[The defendants] intentional, and allegedly tortious actions were expressly aimed at [the forum state]."). To prove such calculated conduct, a plaintiff often must show that the defendant, at least, knew of the plaintiff's whereabouts when it engaged in the allegedly tortious conduct.

In that case, plaintiff alleged that defendant – a Canadian corporation – infringed its trademark. *Id.* at 89. The defendant operated a website accessible in Massachusetts, but the court ruled that there was no personal jurisdiction because:

> plaintiff has failed to make a prima facie showing that, by purportedly infringing on Motus' trademark, CarData intended to cause injury in Massachusetts. Indeed, nothing in the record indicates that CarData even knew Motus was domiciled in the Commonwealth. *Cf. Edvisors Network, Inc.*, 755 F. Supp. 2d at 284 ("Given Educational Advisors' knowledge that any allegedly infringing conduct would have an especially harmful effect on Edvisors in Massachusetts, and its efforts to market its services to residents of Massachusetts through the use of an interactive website, this court finds that the purposeful availment prong of the jurisdictional analysis has been met."); *Morphotrust USA, LLC*, 2016 WL 3512131, at *7 ("Where, as here, the defendant knows that the target of its allegedly wrongful conduct is located in Massachusetts, the purposeful availment prong is satisfied.").

*Id.* at 93-94.

In this case, as in *Motus, LLC*, 520 F. Supp. 3d at 93-94, Plaintiff does not allege that Rubber Stamp intended to cause injury in Massachusetts, or that it even knew Plaintiff is

9

domiciled here. Accordingly, on this basis the Court can determine that there was no purposeful availment and dismiss Plaintiff's claims on these grounds alone. *See id.*

Further, Rubber Stamp's limited and isolated contacts in this forum did not afford them notice that it might individually be haled into court here. Specifically, among other things, Rubber Stamp is not party to any agreements with the Plaintiff; it has also never: owned real property in Massachusetts; established bank accounts or phone listings here; retained a registered agent for service of process in Massachusetts; nor has it ever commenced suit or been sued in the Federal or State Courts within Massachusetts. Roozen Dec. ¶¶ 6-16. Thus, the exercise of jurisdiction over Rubber Stamp would be unjust and unreasonable. Accordingly, this Court should decline to exercise specific jurisdiction over Rubber Stamp on the basis that it has not purposefully availed itself of the privilege of conducting business in Massachusetts. *See Burger King Corp. v. Rudzewicz*, 471 U.S. at 474-75; *Sawtelle*, 70 F.3d at 1391; *LaVallee*, 193 F. Supp. 2d at 304.

B. **There Is No General Jurisdiction**

"It is … incredibly difficult to establish general jurisdiction [over a corporate defendant] in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). That has been true ever since the Supreme Court's "watershed case," *Famular v. Whirlpool Corp.*, 2017 WL 2470844, at *4 (S.D.N.Y. June 7, 2017), of *Daimler AG v. Bauman*, 571 U.S. 117 (2014). In *Daimler*, the Court rejected as "unacceptably grasping" the plaintiffs' invitation to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business." *Id*. at 138 (internal quotation marks omitted).

The general-jurisdiction inquiry, the Court explained, is not "whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic'";

rather, it is whether the "contacts are so 'continuous and systemic' as to render it essentially at home in the forum State." *Id*. (internal quotation marks and brackets omitted) (emphasis added). A corporation will always be "at home" in the state of its incorporation and in the state of its principal place of business. *See id*. at 137. Rarely—if ever—will a corporation be "at home" elsewhere.

On this last point, the *Daimler* Court elaborated: "We do not foreclose the possibility that in an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 139 n.19 (internal citations omitted). However, a "corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id*. at 139 n.20.

As the Second Circuit has explained: "[I]n our view *Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases." *Brown v. Lockheed Martin Corp*., 814 F.3d 619, 627 (2d Cir. 2016). And as this Court has explained: "Although there may be an 'exceptional case' where general jurisdiction is appropriate in a state other than the state of incorporation or where the principal place of business is located, the Supreme Court has not explained what circumstances would give rise to such an exceptional case." *Scallop Imaging, LLC v. Blackhawk Imaging, LLC*, 2018 WL 1440314, at *3–4 (D. Mass. Mar. 22, 2018) (Burroughs, J.).

From these principles, it follows that Massachusetts has no general jurisdiction over Rubber Stamp: It is not incorporated in Massachusetts, and it does not have its principal place of

11

business in Massachusetts.  And other than the fact that it sells products to Massachusetts consumers, along with consumers across the entire United States, Rubber Stamp has no relevant ties to Massachusetts.  Accordingly, Plaintiff cannot meet his burden of proving that there are any circumstances that Rubber Stamp is virtually "at home" in Massachusetts.

In sum, this is not the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. 117 at 139 n.19.  Massachusetts has no general jurisdiction over Rubber Stamp.

## **CONCLUSION**

**WHEREFORE**, for the reasons stated herein, the Complaint should be dismissed in its entirety.

Respectfully submitted,

Dated: June 7, 2022

RUBBER STAMP CHAMP, INC.

By its attorneys,

*/s/   Stephen D. Riden*
Stephen D. Riden (BBO No. 644451)
Puneet Dhaliwal (BBO No. 709111)
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, Massachusetts  02110
(617) 500-8660 Telephone
(617) 500-8665 Facsimile
*sriden@beckreed.com*
*puneet@beckreed.com*

## CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the CM/ECF system on June 7, 2022, and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that non-registered participants have been served this day by mail.

<i>/s/ Stephen D. Riden</i>