UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW POWER,<br><br>               *Plaintiff,*<br>   v.<br><br>CONNECTWEB TECHNOLOGIES, INC., MICHAEL BEAULIEU, PAUL BEAULIEU, RUBBER STAMP CHAMP, INC., ANCHOR RUBBER STAMP & PRINTING CO., INC., THE J.P. COOKE COMPANY, and GOOGLE LLC,<br><br>               *Defendants.* | Civil Action No. 1:22-cv-10030-JGD |

**CONNECTWEB AND RUBBER STAMP CHAMP'S MOTION FOR FURTHER ORDER REGARDING PLAINTIFF'S HARASSMENT;**
<u>**NOTICE OF CONTEMPT OF COURT**</u>

      Defendants Connectweb Technologies, Inc. ("**Connectweb**"), Michael Beaulieu, Paul Beaulieu, and Rubber Stamp Champ, Inc. ("**Rubber Stamp Champ**") (collectively, the "**Movants**") hereby notify the Court that Plaintiff Matthew Power has violated this Court's November 18, 2022 Order by continuing to send harassing emails. Accordingly, Movants submit this Motion for an Order (1) explaining that emailing Movants' counsel is exactly the sort of conduct prohibited by the Order dated November 18, 2022 (Docket No. 76), specifically prohibiting ANY contact with Movants and their counsel, including without limitation through email, text message, phone call, postal mail, or in person; and (2) notifying Plaintiff that any further violation of the Court's November 18 Order, or the second order sought in this Motion, may result in the imposition of sanctions (including but not limited to monetary sanctions) and other measures deemed by the Court to be sufficient to secure compliance with its Orders.

      In support of this Motion, Movants state as follows:

1

1.  On November 9, 2022, Movants filed "Connectweb and Rubberstamp Champ's Emergency Motion for an Order that Plaintiff Stop His Harassment and Threats" (Docket No. 74) (the "**Original Motion**"). The Original Motion sought to stop Plaintiff from, *inter alia*, sending threatening emails to defense counsel.

2.  A hearing on the Original Motion was held before this Court on November 17, 2022.

3.  Based on an agreement by the parties that was reached during the November 17 hearing, the Court issued an Order dated November 18, 2022 (Dkt No. 76), requiring in pertinent part that "[w]hile this matter remains pending, any communications between the plaintiff and the defendants or their counsel shall take place only through pleadings filed with the court." ¶ 1.

4.  Immediately following the issuance of the Order, Plaintiff proceeded to violate the Order by sending two more emails to counsel for certain of the Movants.

5.  Specifically, on November 18, 2022, the Plaintiff emailed Connectweb's counsel in violation of the November 18 Order, (a) threatening to subpoena defendants, their counsel, the CIA, the FBI, and "and any other agency involved in this matter who is also a customer of the clients, and also for character references and my involvement with them with (domestic) counter-terrorism, and their execution of my friend overseas (the ISIS member);" (b) demanding the names and addresses of all the clients of Connectweb for the last 10 years; and (c) threatening to file civil suits against Connectweb's counsel, the Town of Swampscott, and the Salem hospital where Plaintiff was allegedly involuntarily admitted. Plaintiff's November 18 email is attached hereto as **Exhibit A**.

6.  On November 21, 2022, Plaintiff again emailed Connectweb's counsel in violation of the Court's November 18 Order (attached hereto as **Exhibit B**). Plaintiff's

November 21 email contained further threats and discussion of his efforts to obtain a firearms permit.

7. Plaintiff's harassing conduct has continued in contempt of the Court's November 18 Order (Dkt No. 76) and is at risk of escalation absent timely action by the Court.

WHEREFORE, for these reasons, Movants respectfully request that the Court enter a further order enjoining this conduct as follows:

1) Explaining that emailing Movants' counsel is exactly the sort of conduct prohibited by the Order dated November 18, 2022 (Dkt No. 76), specifically prohibiting ANY contact with Movants and their counsel, including without limitation through email, text message, phone call, postal mail, or in person;

2) Notifying Plaintiff that any further violation of the Court's November 18 Order or the second order sought in this Motion may result in the imposition of sanctions (including but not limited to monetary sanctions) and other measures deemed by the Court to be sufficient to secure compliance with its Orders; and

3) Providing other such relief as the Court deems appropriate.

| | |
|---|---|
| CONNECTWEB TECHNOLOGIES, INC., MICHAEL BEAULIEU, and PAUL BEAULIEU<br><br>By their attorney,<br><br>*/s/ Kenneth R. L. Parker*<br>Kenneth R. L. Parker (BBO No. 688987)<br>PARKER KEY LAW LLC<br>*Street Address:*<br>  343 Washington St., Suite 200<br>  Newton, MA 02458<br>*Mailing Address:*<br>  P.O. Box 59000<br>  Newton, MA 02459<br>Tel.: (617) 841-2418<br>Fax.: (617) 963-8315<br>kparker@parkerkeylaw.com<br><br>Dated: November 22, 2022 | Respectfully submitted,<br><br>RUBBER STAMP CHAMP, INC.<br><br>By its attorneys,<br><br>*/s/   Stephen D. Riden*<br>Stephen D. Riden (BBO No. 644451)<br>Puneet Dhaliwal (BBO No. 709111)<br>Beck Reed Riden LLP<br>155 Federal Street, Suite 1302<br>Boston, Massachusetts  02110<br>(617) 500-8660 Telephone<br>(617) 500-8665 Facsimile<br>sriden@beckreed.com<br>puneet@beckreed.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that this document has been filed through the CM/ECF system on November 22, 2022, and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that non-registered participants have been served this day by mail.[1]

*/s/ Kenneth R. L. Parker*

---

[1] In a November 21, 2022 phone conversation, Clerk Thomas Quinn confirmed that service by mail is still required and is not prohibited by the Court's November 18 Order.

## **LOCAL RULE 7.1(a)(2) CERTIFICATE**

Pursuant to the November 18, 2022 Order (Dkt No. 76), the Court has waived Local Rule 7.1's requirement that parties confer before filing a motion.

*/s/ Kenneth R. L. Parker*
