UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MATTHEW POWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 22-10030-JGD |
| CONNECTWEB TECHNOLOGIES, INC., MICHAEL | ) | |
| BEAULIEU, PAUL BEAULIEU, RUBBER STAMP | ) | |
| CHAMP, INC., ANCHOR RUBBER STAMP & | ) | |
| PRINTING CO., INC., THE J.P. COOKE COMPANY | ) | |
| and GOOGLE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION AND ORDER ON
## <u>PARTIES' MOTIONS REGARDING CLAIMS OF HARASSMENT</u>

January 30, 2023

DEIN, U.S.M.J.

## I.   <u>INTRODUCTION</u>

Plaintiff Matthew Power ("Power") has brought this copyright infringement action *pro se* against his former employer, Connectweb Technologies, Inc. ("Connectweb"); two of Connectweb's officers, Michael Beaulieu and Paul Beaulieu; Google LLC; and three of Connectweb's out-of-state customers, Rubber Stamp Champ, Inc. ("Rubber Stamp"), Anchor Rubber Stamp & Printing Co., Inc. ("Anchor") and The J.P. Cooke Company ("J.P. Cooke").[1]  The plaintiff alleges that he is the sole owner, or alternatively, the co-owner, of the copyright to the

---

[1] On January 4, 2023, this court allowed Anchor's and J.P. Cooke's motions to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

updated versions of Connectweb's Customer Vantage Web ("CVW") software because he created a derivative version of CVW while working for Connectweb as an independent contractor, registered his work with the United States Copyright Office, and never assigned his rights in the copyright to Connectweb or anyone else.  The defendants deny Power's alleged claims of copyright infringement, as well as Power's assertion that he has any copyright interest in the CVW software.  Additionally, Connectweb claims that it is the rightful owner of the copyright in the CVW software and that Power's copyright registration is fraudulent.

The matter is before the court on (1) "Connectweb and Rubber Stamp Champ's Motion for Further Order Regarding Plaintiff's Harassment; Notice of Contempt of Court" (Docket No. 78); (2) the "Plaintiff's Motion to Vacate Order on Defendants' Emergency Motion" (Docket No. 79); and (3) "Connectweb's Emergency Motion for an Order That Plaintiff Take Down Connectweb Source Code, Plaintiff's Request to Hack Connectweb Sites, and Solicitation to Make $3,500 Unauthorized Credit Card Charges on Cards of Connectweb Customers" (Docket No. 84).  After consideration of the parties' written submissions and their oral arguments, and for the reasons described herein, Connectweb's motion for a further order regarding plaintiff's harassment and notice of contempt is ALLOWED IN PART and DENIED IN PART, the plaintiff's motion to vacate is DENIED, and Connectweb's emergency motion is ALLOWED.[2]  The plaintiff shall abide by the terms of the Order set forth below.  Any failure to comply may result in sanctions, including the possible dismissal of this action.

---

[2] The court has considered Power's claim of bias and finds that it is unsubstantiated by the record or any facts.  There is no basis for recusal of this presiding Magistrate Judge.

## II.  **BACKGROUND**

### The Defendants' Initial Complaints of Harassment by the Plaintiff

On November 9, 2022, Connectweb, the Beaulieus and Rubber Stamp filed an emergency motion for an order directing Power to cease and desist from engaging in harassing and threatening behavior.  (Docket No. 74).  The defendants claimed that Power was posting false and defamatory statements about them on his publicly available website, threatening to post confidential information pertaining to the defendants and their clients on the Internet, threatening to make false charges using the credit card numbers of Rubber Stamp's customers, and otherwise threatening to interfere with their business operations.  (Id.).  On November 18, 2022, this court issued an Order (the "November 18 Order") on the defendants' emergency motion.  (Docket No. 76).  Therein, and as agreed by the parties during a hearing on the motion, this court ordered in relevant part that "[w]hile this matter remains pending, any communications between the plaintiff and the defendants or their counsel shall take place only through pleadings filed with the court."  (Id. ¶ 1).  It further ordered the plaintiff to "give the defendants at least 14 days advance notice before contacting any of the defendants' customers in order to give the defendants an opportunity to file any appropriate motion for a protective order.  This includes any contact with the defendants' customers regarding credit card charges."  (Id. ¶ 3 (emphasis omitted)).  Additionally, this court ruled that, as Power had agreed during the hearing on the motion, "the plaintiff will not publish any further personal information about the defendants or their principals on the internet while this matter remains pending."  (Id. ¶ 4).  The overarching goal of the November 18 Order was to enable the

litigation to proceed without interference, delay or intimidation so this court could address the parties' dispute on the merits.

The Parties' Pending Motions

Within days after this court issued the November 18 Order, Connectweb, its officers and Rubber Stamp filed their motion for a further order regarding the plaintiff's harassment and notice of contempt.  (Docket No. 78).  In their motion, the defendants argue that Power violated the November 18 Order by sending harassing emails to their counsel on November 18, 2022 and November 21, 2022.  (Id.).  As set forth in the emails, copies of which are attached to the defendants' motion, Power was threatening to subpoena the defendants, their counsel and others "relating to the criminal charges pending from your statements made to the Swampscott Police[,]"[3] and to file a lawsuit against the defendants' counsel, the Town of Swampscott and Salem Hospital for violations of his civil rights.  (Id. at Ex. A).  He was also threatening, among other things, to subpoena "all the clients of Connectweb for the last 10 years" in order to obtain their customer records, and to depose the defendants' counsel in connection with an appeal from the denial of his application for a "License To Carry."  (Id. at Exs. A & B).  The defendants argue that there is a risk that Power's conduct will escalate in the absence of further action by this court, and they have requested an order "(1) explaining that emailing Movants' counsel is exactly the sort of conduct prohibited by the [November 18 Order] … and (2) notifying Plaintiff that any further violation of the Court's November 18 Order or the second order sought in this Motion, may result in the imposition of sanctions …."  (Id. at 3).  As

---

[3] The plaintiff contends that he was awaiting arraignment for a criminal charge that was based on a report to the Swampscott Police Department by the defendants' counsel.  (Docket No. 79 at 3).

[4]

described below, this court finds that a second, more comprehensive order is necessary to control the litigation and prohibit further misconduct by the plaintiff.  Therefore, the motion will be allowed to the extent it is seeking a further order from this court, but will otherwise be denied without prejudice to the defendants' ability to file an appropriate motion, including but not limited to a motion for contempt, in the event the plaintiff violates the Order set forth below.

In response to the defendants' motion for a further order regarding harassment, Power filed his motion to vacate the November 18 Order.  (Docket No. 79).  By his motion to vacate, Power argues that he did not receive a copy of the November 18 Order until after he sent the emails to the defendants' counsel, and that he did not willfully violate the court's Order.  (Id. at 1-3).  He also argues, in relevant part, that this court's November 18 Order is overly broad, violates his Sixth Amendment right to confront his accuser in connection with separate criminal proceedings, and violates his First Amendment right to post information about the defendants on the Internet.  (Id. at 3-5).  Accordingly, Power requests that this court vacate the November 18 Order in its entirety.[4]  (Id. at 7).  Power's motion will be denied.  Because this court finds that an order restricting Power's conduct is necessary under the circumstances presented in this case, relevant portions of the November 18 Order will be incorporated into the Order set forth below.

---

[4] In his motion to vacate, Power requests that in addition to vacating its November 18 Order, this court grant him access to the federal court's electronic filing system and appoint him counsel who specializes in copyright infringement of software.  (Docket No. 79 at 7).  Power has provided no arguments or cited any case law in support of these requests.  Therefore, his requests are denied.

Subsequently, Connectweb and the Beaulieus filed an emergency motion for an order directing Power to take down harassing content from the Internet.  (Docket No. 84).  Therein, the defendants contend that Power has posted Connectweb's CVW source code on his website and invited hackers throughout the world to hack the websites of Connectweb's CVW clients in order to make fraudulent purchases using customer credit card information.  (Id. at 3).  Consequently, they are requesting an order directing Power to cease and desist from such behavior, including taking down his webpage and refraining from further harassment of the defendants or their customers.  (Id. at 4).

The defendants' assertions regarding Power's Internet activity are supported by a copy of Power's webpage, which the defendants have attached to their motion.  (Docket No. 84 at Ex. A).  Despite his contention made at oral argument that he was just inviting hackers to innocently test out the source code, by his language Power is not only encouraging hackers from around the world to hack into the websites of Connectweb's clients and use personal credit card information belonging to those clients' customers to make hundreds of thousands, if not millions, of dollars in fraudulent charges, but is also claiming ownership of the CVW software and the copyrights to that software.  The question of ownership of the CVW copyright is the fundamental issue in dispute in this litigation, and the need to resolve that question is the very reason Power filed the present litigation.  Under the circumstances presented, his reliance on unproven claims of ownership to solicit criminal behavior, publicize highly sensitive business information, further harass the defendants and interfere with the orderly conduct of the litigation constitutes an abuse of the judicial process.  This court finds that an order prohibiting such behavior and warning of sanctions for noncompliance is necessary not only to protect the

defendants from further harassment and preclude potential harm to the defendants'

businesses, but also to facilitate the expeditious resolution of the litigation and protect the

integrity of the court.  Accordingly, the defendants' emergency motion will be allowed and

Power is instructed to comply with the Order set forth below.

<u>The January 13, 2023 Hearing</u>

A hearing on the parties' motions took place on January 13, 2023.  During the hearing,

this court ordered Power to take down his webpage, which Power agreed to do.  It also directed

the parties to submit a proposed order precluding the plaintiff from harassing, threatening or

engaging in other abusive conduct during the pendency of this lawsuit.  The defendants have

submitted a proposed order.  The plaintiff has filed a response to the defendants' emergency

motion in which he is effectively challenging the court's authority to restrict the plaintiff's

misconduct and protect the judicial process from further abuse and disruption.  (<u>See</u> Docket No.

89).  This court finds that it has such authority and that an appropriate order is warranted

under the circumstances of this case.

### III. <u>ANALYSIS</u>

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"

<u>Goodyear Tire & Rubber Co. v. Haeger</u>, 581 U.S. 101, 107, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d

585 (2017) (quoting <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed.

2d 734 (1962)).  Those powers include the authority to issue orders directed at a party's

misconduct.  <u>See</u> <u>United States v. Stewart</u>, 337 F.3d 103, 107 (1st Cir. 2003) ("It is clear that

federal courts have inherent supervisory authority and may issue a variety of orders ... for

[7]

misconduct"); Shafii v. British Airways, 895 F. Supp. 451, 458 (E.D.N.Y. 1995) (explaining that

district courts' inherent power and "constitutional obligation to protect their jurisdiction from

conduct which impairs their ability to carry out Article III functions" includes "the authority to

disarm a vexatious litigator" by issuing protective injunctions without application of "the

traditional standards for granting injunctive relief -- irreparable harm and the absence of an

adequate remedy at law" (internal quotations and citations omitted)).  They also include "the

ability to fashion an appropriate sanction for conduct which abuses the judicial process."

Goodyear Tire & Rubber, 581 U.S. at 107, 137 S. Ct. at 1186 (quoting Chambers v. NASCO, Inc.,

501 U.S. 32, 44-45, 111 S. Ct. 2123, 2132-33, 115 L. Ed. 2d 27 (1991)).  This may include "less

severe sanction[s]" such as an assessment of attorney's fees, as well as more "severe

sanction[s]" such as dismissal of the lawsuit.  Chambers, 501 U.S. at 45, 111 S. Ct. at 2133

(citation omitted).  Notably, the court's inherent power to issue appropriate orders and impose

sanctions "extends to a full range of litigation abuses."  Id. at 46, 111 S. Ct. at 2134.  In sum, the

court has authority to address and sanction "abuses of process occurring beyond the

courtroom," including but not limited to, the failure to comply with the court's orders and

attempts to defeat another party's claims using such tactics as harassment, threats, delay and

unnecessary expense.  Id. at 56-57, 111 S. Ct. at 2139.

　　　To the extent Power has raised concerns about the infringement of his constitutional

rights, the First Amendment provides no protection for speech "that is intended to induce or

commence illegal activities."  United States v. Williams, 553 U.S. 285, 298, 128 S. Ct. 1830,

1841-42, 170 L. Ed. 2d 650 (2008).  Similarly, "threats of violence are outside the First

Amendment[.]"  R.A.V. v. City of St. Paul, Minn., 505 U.S. 377, 388, 112 S. Ct. 2538, 2546, 120 L.

Ed. 2d 305 (1992).  Therefore, orders restricting such activity do not run afoul of Power's

constitutional right to freedom of speech.  Additionally, there is no merit to Power's assertion

that restrictions on his ability to communicate with the defendants or their counsel violate his

Sixth Amendment right to confront his accuser.  "The Sixth Amendment provides that in all

criminal prosecutions, the accused has the right 'to be confronted with the witnesses against

him.'"  Oken v. Warden, MSP, 233 F.3d 86, 91 (1st Cir. 2000) (quoting U.S. Const. amend. VI).

However, nothing in the Sixth Amendment gives an individual a right to harass or threaten a

litigant or his counsel, and  nothing this court has done or has been asked to do in the

defendants' motions will have an impact on Power's ability to confront his accusers in any

criminal proceeding.  Similarly, none of the court's orders interferes in any way with Power's

ability to communicate with opposing counsel through appropriate judicial forums.

　　　　Finally, this court notes that in connection with the defendants' motion to dismiss,

which is currently pending before the court, the defendants have moved to dismiss Power's

complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), on the grounds that this action is frivolous and

malicious.  Where, as here, the plaintiff is proceeding *in forma pauperis*, "his Complaint is

subject to screening under 28 U.S.C. § 1915(e)(2)."  Brodzki v. U.S. Dep't of Justice, Civil Action

No. 11-11796-DJC, 2011 WL 5038995, at *1 (D. Mass. Oct. 21, 2011).  Under that statute, the

court must dismiss the complaint if it determines, among other things, that the action "is

frivolous or malicious[.]"  28 U.S.C. § 1915(e)(2)(B).  An action may be deemed "malicious if it is

plainly abusive of the judicial process[.]"  Randolph v. Wetzel, Civil Action No. 19-CV-2231, 2019

WL 2577635, at *5 (E.D. Pa. June 21, 2019) (quoting Brodzki v. CBS Sports, Civil Action No. 11-

841-SLR, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012)).  The defendants argue that Power's

pattern of threatening and intimidating behavior toward Connectweb and its clients renders

this litigation malicious within the meaning of § 1915(e)(2)(B), and warrants the dismissal of this

action.  While the issue as to whether Power's actions to date warrant dismissal of his

complaint will be decided in connection with the motion to dismiss, the plaintiff is cautioned

that the defendants may raise this issue again if the plaintiff fails to comply with this Order.

Based on the circumstances described above regarding the plaintiff's conduct, this court

finds that an injunctive order is necessary to protect the defendants and their clients from

further threats and harassment, preclude additional delay and expense resulting from the

plaintiff's behavior, and achieve the expeditious disposition of the present litigation.  This court

also finds that the November 18 Order alone is inadequate to achieve these goals and that a

more comprehensive order is necessary.  Therefore, and for the reasons detailed above, it is

hereby ORDERED as follows:

1.      "Connectweb and Rubber Stamp Champ's Motion for Further Order Regarding

Plaintiff's Harassment" (Docket No. 78) is ALLOWED IN PART and DENIED IN PART.  Specifically,

the motion is ALLOWED to the extent that it seeks a new order aimed at addressing Power's

conduct.  The plaintiff shall comply with the Order set forth below, which shall supersede this

court's November 18 Order.  The defendants' motion is otherwise DENIED.  However, the

denial is without prejudice to the defendants' ability to file an appropriate motion in the event

Power fails to comply with the Order set forth herein.

2.      The "Plaintiff's Motion to Vacate Order on Defendants' Emergency Motion"

(Docket No. 79) is DENIED.

3.      "Connectweb's Emergency Motion for an Order That Plaintiff Take Down Connectweb Source Code, Plaintiff's Request to Hack Connectweb Sites, and Solicitation to Make $3,500 Unauthorized Credit Card Charges on Cards of Connectweb Customers" (Docket No. 84) is ALLOWED.  This court has instructed Power to take down the website, which he agreed to do and has apparently done.  As described below, the plaintiff shall cease and desist from engaging in similar misconduct while this action remains pending.

## IV. <u>ORDER</u>

Based on the circumstances presented in this case regarding the plaintiff's pattern of threats, harassment and other misconduct, as well as this court's authority to issue orders necessary to achieve the orderly and expeditious disposition of this case and impose appropriate sanctions for improper conduct, it is hereby ORDERED as follows:

1.      While this matter remains pending, any communications between the plaintiff and the defendants or their counsel shall take place only through pleadings filed with the court. This court hereby waives the requirement that the parties confer before filing a motion pursuant to Local Rule 7.1.  To the extent any party wishes to file private or confidential information with the court, that party may file a motion to file the information under seal.

2.      As previously agreed, the plaintiff will not publish any further personal information about the defendants or their principals on the Internet while this matter remains pending.

3.      While this matter remains pending, the plaintiff shall cease and desist from posting any portion of CVW software on the Internet or otherwise making it available to the public or any third party, including without limitation, source code, object code and software

[11]

documentation.  This applies to all CVW software, regardless of whether the plaintiff believes

he has an ownership interest in such software.  To the extent the plaintiff has posted copies of

CVW software on the dark web, the worldwide web, or any other location available to third

parties or the public, he shall immediately remove and delete such copies.

4.      While this matter remains pending, the plaintiff shall cease and desist from

soliciting hackers to hack websites running CVW software, from making statements regarding

the vulnerabilities of CVW software to hacking, from suggesting that any third party make

charges on the credit cards of users of CVW software, and from suggesting that credit cards

belonging to users of CVW software may possibly be exposed to such charges.

5.      While this matter remains pending, the plaintiff shall cease and desist from

making any extra-judicial assertions regarding his alleged ownership interest in CVW software

in order to encourage, support or engage in unlawful activity.

6.      While this matter remains pending, the plaintiff shall cease and desist from

making threats to the defendants, their counsel, their customers and their clients including, but

without limitation, implicit or explicit threats of physical violence and threats to file a lawsuit

with the aim of gaining leverage in this litigation and/or extracting payments from those

parties.

7.      While this matter remains pending, the plaintiff shall not contact any of the

defendants' customers regarding any issues relating to the prosecution or defense of this

litigation without first giving the defendants at least **14 days** advance notice of his intent to

make such contact so the defendants can file any appropriate motion for a protective order.

8.      Any violations of this Order may result in sanctions, including but not limited to,

the dismissal of this action for contempt or malicious prosecution.

/ s / Judith Gail Dein
_____
Judith Gail Dein
United States Magistrate Judge