UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW POWER,<br>      *Plaintiff/Counterclaim Defendant*<br><br>v.<br><br>CONNECTWEB TECHNOLOGIES, INC., MICHAEL BEAULIEU, and PAUL BEAULIEU,<br>      *Defendants/Counterclaim Plaintiffs* | Civil Action No. 1:22-cv-10030-JGD |

**CONNECTWEB, MICHAEL BEAULIEU, AND PAUL BEAULIEU'S
PROPOSED DISCOVERY PHASING SCHEDULE**

Pursuant to the Court's May 4, 2023 Order [Dkt. 106], Defendants/Counterclaim Plaintiffs Connectweb Technologies, Inc., Michael Beaulieu, and Paul Beaulieu hereby propose the following schedule for phasing discovery:

    A. **Discovery Phases**

Discovery shall be divided into two phases. Phase I shall be limited to the subject matter set forth in Section B, below. Discovery requests in Phase I shall be limited for each side to 15 interrogatories, 15 requests for admission, and one set of not more than 15 requests for production. Each party may also petition the Court for up to five subpoenas during Phase I, provided that the petitioning party must identify for the Court the Phase I issue or issues to be addressed by the subpoena demonstrating that the requested subpoena (a) is limited in its scope to issues on the Phase I list, (b) is reasonably calculated to lead to the discovery of admissible evidence, and (c) is narrowly tailored to seek information not readily obtained through another means. Depositions are not permitted in Phase I, pursuant to the Court's May 4, 2023 Order.

All Phase I requests shall be served by filing them under seal with the Court no later than June 5, 2023. Responses to written discovery shall be due no later than June 19, 2023. All discovery requests and responses shall be made by sealed Court filing. Motions to compel based on Phase I requests shall be filed by the Court no later than June 26, 2023.

Phase II of discovery shall be limited to allegations in the Amended Complaint and Counterclaims that were (a) denied in whole or in part in the applicable answer, (b) not addressed in Phase I of discovery, and (c) not resolved by a dispositive motion (*e.g.* motion for summary judgment) or other order of the Court following Phase I of discovery. Phase II shall be limited for each side to 10 interrogatories, 10 requests for admission, and one set of not more than 10 requests for production. Each party may also petition the Court for up to five subpoenas during Phase II, provided that the petitioning party must identify for the Court the Phase II issue or issues to be addressed by the subpoena demonstrating that the requested subpoena (a) is limited in its scope to issues not on the Phase I list, (b) is reasonably calculated to lead to the discovery of admissible evidence, and (c) is narrowly tailored to seek information not readily obtained through another means. Pursuant to the Court's May 4 order, depositions may only be noticed in Phase II upon Court approval.

Phase II discovery requests shall be served by filing them under seal with the Court no later than July 10, 2023 or one week after any pending dispositive motions are resolved by the Court, whichever is later. Phase II responses shall be due no later than two weeks after the service of the request in question or resolution of a dispositive motion in a manner that allows the discovery request in question. The close of fact discovery shall be September 1, 2023.

### B. Phase I Topics

Discovery requests in Phase I shall be limited to the following topics:

1. Plaintiff's allegation that he served as an independent contractor to Connectweb, including:

    a. Evidence of the existence or terms of an agreement between Plaintiff and Connectweb under which Plaintiff would serve as an independent contractor to Connectweb.

    b. Plaintiff's allegations in Paragraph 25 of his Amended Complaint that "Connectweb knew as early as 2013 that Power owned an independent software business, for which software programs were produced" and that "Michael and Paul were explicitly aware of his existing business, having seen demonstrations."

    c. Plaintiff's allegations in Paragraph 26 of his Amended Complaint that Connectweb entered into an agreement under which he would work for Connectweb as an independent contractor and that said agreement "shows Michael's prior understanding of Power having the means, skill, and willingness, to create software without any direction or control by Connectweb."

    d. Plaintiff's allegations in Paragraph 28 of his Amended Complaint that he created a derivative work of CVW "over a three-day period" and that "he received a flat fee for the job, not an hourly wage" and that "Power and Connectweb entered into a contract for specific jobs and no more."

    e. Plaintiff's allegations in Paragraph 34 of his Amended Complaint that he communicated with Connectweb concerning serving as an independent contractor.

    f. Plaintiff's allegations in Paragraph 35 of his Amended Complaint, including his allegation that he "maintained a separate server at the place of business of Connectweb to store his own work created as an independent contractor[.]

    g. Plaintiff's allegations in Paragraph 37 of his Amended Complaint that "Michael hired Power under the pretense that both Connectweb and Power would be co-authors of CVW" and that Plaintiff "reduced his fee in exchange for copyright ownership[.]"

    h. Plaintiff's allegations that Connectweb agreed to pay him royalties and that Connectweb did in fact pay him royalties as alleged in Paragraphs 32 and 37 of his Amended Complaint, as well as Plaintiff's allegation that he "pressed Connectweb about the share of royalties to which he was entitled" in Paragraph 36 of his Amended Complaint.

2. Plaintiff's allegation that he obtained Connectweb's permission to create derivative works of Connectweb's software, including his allegation in Paragraph 27 of his Amended Complaint that he "was authorized by Connectweb to create derivative works of CVB in March of 2016."

3. The identification of any works Plaintiff alleges that he authored or co-authored, including:

    a. Plaintiff's allegation that he added "additional software code. . . to the pre-existing version of CVW" in Paragraph 29 of his Amended Complaint, including the identification of any such "additional software code" that Plaintiff purports to have added, including any works that he alleges he created "between April 2016 and at least May 2018[.]"

    b. The content of Plaintiff's "894 Registration," as described in Paragraph 33 of his Amended Complaint.

    c. The identification of any works on the "work computer" referenced in Paragraph 36 of Plaintiff's Amended Complaint in which Plaintiff asserts an ownership interest, including his alleged "copyrighted material as well as other projects he solely authored and various trade secrets from the time he was a contractor."

4. Plaintiff's allegation in Paragraph 41 of his Amended Complaint that Connectweb "knowingly and with intent to defraud, accesse[d] a protected computer without authorization, or exceed[ed] authorized access, and by means of such conduct further[ed] the intended fraud and obtain[ed] [something] of value."

5. Plaintiff's allegation in Paragraph 126 of his Amended Complaint that Connectweb made unauthorized use of Plaintiff's account credentials.

6. Plaintiff's allegation that Defendants published statements about Plaintiff on Rubber Stamp Champ, J.P. Cooke, and Plaintiff's websites concerning Plaintiff. In Phase I, discovery regarding alleged defamation will be limited to the identification of published statements and the circumstances of their publication. Phase I discovery will not include whether the published statements were accurate. Any inquiry into the accuracy or truthfulness of such published statements will be reserved for Phase II of discovery.

                                                    Respectfully submitted,

                                                    CONNECTWEB TECHNOLOGIES, INC., MICHAEL BEAULIEU, and PAUL BEAULIEU

                                                    By their attorney,

*/s/  Kenneth R. L. Parker*
Kenneth R. L. Parker (BBO No. 688987)
PARKER KEY LAW LLC
*Street Address:*
  343 Washington St., Suite 200
  Newton, MA 02458
*Mailing Address:*
  P.O. Box 59000
  Newton, MA 02459
Tel.: (617) 841-2418
Fax.: (617) 963-8315
kparker@parkerkeylaw.com

Dated: May 18, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the CM/ECF system on May 18, 2023, and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and by postal mail to non-registered participants.

*/s/ Kenneth R. L. Parker*

## LOCAL RULE 7.1(a)(2) CERTIFICATE

Pursuant to its November 18, 2022 Order (Dkt. No. 76) and its January 30, 2023 Order (Dkt. No. 92), the Court has waived Local Rule 7.1's requirement that parties confer before making this filing.

*/s/ Kenneth R. L. Parker*
