UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MATTHEW POWER,<br><br>Plaintiff,<br>v.<br><br>CONNECTWEB TECHNOLOGIES, INC., MICHAEL BEAULIEU, and PAUL BEAULIEU,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 22-10030-JGD |

**ORDER ON DEFENDANTS' MOTION TO STRIKE**

July 15, 2024

DEIN, U.S.M.J.

## I. INTRODUCTION

After prior decisions issued by this court narrowed the claims brought by plaintiff Matthew Power ("Power") in this *pro se* copyright infringement suit, the remaining defendants, Power's former employer Connectweb Technologies, Inc. ("Connectweb") and two of its officers, Michael Beaulieu and Paul Beaulieu (collectively, the "Defendants"), together moved for summary judgment on all remaining claims and on Connectweb's own counterclaim for a declaratory judgment of copyright ownership. (See Docket No. 174). Power has opposed the Defendants' Motion and, in support of his contention that genuine factual disputes exist so as to preclude the entry of summary judgment, has filed a response and counterstatement to the Defendants' supporting Statement of Material Facts and a ninety-four (94) page affidavit (inclusive of exhibits) from which he draws his own material facts of the case. Notably, Power's response and counterstatement lists as disputed all but three of the fifty-eight (58) material

facts put forth by the Defendants in their "Concise Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment" (Docket No. 176).[1]

Currently before the court is the "Defendants' Motion [to] Strike Plaintiff's Sham Affidavit and Related Documents" (Docket No. 185), by which the Defendants seek to strike Power's Affidavit, and any related sections of his response and counterstatement, from the summary judgment record. In particular, the Defendants seek to strike: (1) the majority of the Plaintiff's Affidavit (Docket No. 181-1 at 2 to 53)[2] (the "Power Affidavit") pursuant to the sham affidavit doctrine,[3] (2) Exhibits A, B, F, G, H, I, J, M, N, and P to the Power Affidavit pursuant to Fed. R. Civ. P. 37(c)(1);[4] and (3) related sections of the "Plaintiff's Response to Defendants' Concise Statement of Undisputed Material Facts" (Docket No. 182) ("Power's Counterstatement") due to the fact that they rely solely on the challenged affidavit and its attached exhibits for evidentiary support.

The court has carefully reviewed the Defendants' challenges and the statements and exhibits proffered by the Plaintiff. Most of the parties' disputes relate to issues outside the limited issues raised by the Defendants' Motion for Summary Judgment. It would not be beneficial to anyone for the court to describe the disputes in detail, or to make rulings on the

---

[1] While their Statement of Facts include only fifty-seven (57) numbered paragraphs, there appears to be a fifty-eighth, unnumbered paragraph on the statement's final page. (See Docket No. 176 at 9).

[2] Unless otherwise indicated, citations to the Power Affidavit and any of its attached exhibits will refer to the court's CM/ECF numbering system located at the top right of the page.

[3] While the Defendants present the basis for their motion to strike the Power Affidavit as pursuant to the sham affidavit doctrine, they assert additional grounds within their brief. Because the Defendants apply these arguments to various paragraphs throughout the Power Affidavit, where possible, paragraphs are grouped by argument type and will therefore be considered out of sequence.

[4] (See Power Affidavit at 54-57, 64-79, 84-90).

admissibility of evidence which, ultimately, is not material to the legal issues presented by the motion for summary judgment. Therefore, the motion to strike will be allowed in part and denied in part consistent with the rulings made in the "Memorandum of Decision and Order on Defendants' Motion for Summary Judgment" ("Summary Judgment Decision") issued herewith. What follows is a general discussion of the principles governing the court's analysis.

## II. DISCUSSION

The court assumes the reader's familiarity with the underlying facts of this matter, which were set forth in detail in the February 13, 2023 "Memorandum of Decision and Order on Defendants' Consolidated Motion to Dismiss." (See Docket No. 93).

(1) The Power Affidavit

In the first section of their motion, the Defendants move to strike the majority of the fifty-two (52) page Power Affidavit. According to them, the affidavit "offers an entirely new factual narrative" in which "[a]lmost every paragraph . . . contradicts [Power's] earlier statements" within his Amended Complaint, his Answer to Connectweb's Counterclaims, and/or his discovery responses. (Docket No. 185 at 2). The Power Affidavit itself contains fifty-eight (58) paragraphs, with each paragraph supporting the same-numbered section of Power's Counterstatement and setting forth Power's own characterization of, and response to, each of the fifty-eight (58) corresponding Material Facts submitted by the Defendants. In challenging the affidavit, the Defendants frame each of the alleged inconsistencies by directing the court to various representations within the record where they claim Power, in his efforts to dispute their Material Facts, now contradicts in his affidavit.

The "Sham Affidavit" Doctrine

Fed. R. Civ. P. 56(c)(4) provides that:

> [a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

An affidavit submitted in connection with a motion for summary judgment remains subject to the "sham affidavit" rule. Under this principle, "[w]hen an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." Reynolds v. Steward St. Elizabeth's Med. Ctr. of Boston, Inc., 364 F. Supp. 3d 37, 52 (D. Mass. 2019) (additional citation omitted) (alteration in original). "The reason for this is simple: if a plaintiff facing summary judgment could simply file a pleading inexplicably altering the factual landscape to which they had previously contributed in order to manufacture a genuine dispute as to a material fact, absurd results would follow." Velez v. United Parcel Service, Inc., Civil Action No. 23-40029-MRG, --- F. Supp. 3d ---, 2024 WL 1466677, at *3 (D. Mass. Mar. 31, 2024) (additional citations omitted).

Though the rule is most commonly invoked in connection with deposition testimony, the same rationale applies with respect to a party's sworn responses in discovery or its verified pleading averments. Indeed, "it has long been recognized that under certain circumstances an affidavit filed in opposition to a motion for summary judgment may be disregarded if it contradicts that party's prior testimony or admission." Coakley Landfill Grp. v. IT Corp., 116 F. Supp. 2d 237, 242 (D.N.H. 2000) (collecting cases).

To account for an apparent discrepancy or inconsistency, a "satisfactory explanation for

the change is necessary." Id. at 243 (citing Stefanik v. Friendly Ice Cream Corp., 183 F.R.D. 52, 53-54 (D. Mass. 1998)) (emphasis omitted). Where the prior answers are those that have been offered through deposition testimony, the First Circuit has recognized "that '[a] subsequent affidavit that merely explains, or amplifies upon, opaque testimony given in a previous deposition is entitled to consideration in opposition to a motion for summary judgment.'" Reynolds, 364 F. Supp. 3d at 52 (quoting Gillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 26 (1st Cir. 2002)) (alteration in original). In addition to considering the sufficiency of a party's explanation for the discrepancies, a court may also consider "[t]he timing of the affidavit[,] . . . as an affidavit executed after the moving party moves for summary judgment suggests ill motive." Malave-Torres v. Cusido, 919 F. Supp. 2d 198, 203 (D.P.R. 2013) (citing Orta-Castro v. Merck, Sharp & Dohme Química P.R., Inc., 447 F.3d 105, 110 (1st Cir. 2006)) (additional citations omitted).

In the absence of a sufficient explanation, a plaintiff "is simply not permitted to offer . . . evidence directly contradicting the allegations of his own complaint, in the face of a motion for summary judgment." Stefanik, 183 F.R.D. at 53. He cannot "kick over the chess board in the face of a checkmate" but instead remains "bound by the averments of his pleadings and may not . . . simply contradict them to avoid summary judgment." Id. at 54; see United States v. Conagra Grocery Prods. Co., LLC, 4 F. Supp. 3d 243, 273-75 (D. Me. 2014).

Applying these principles, the court concludes that the bulk of the Power Affidavit constitutes a statement of positions Power has taken throughout this litigation, and striking the Affidavit in its entirety is not warranted. The court will address challenges to specific assertions as necessary to decision the summary judgment motion.

a) Insufficient Information

The Defendants move to strike Paragraphs 2-4, 6, 8, 9, 11, 22, and 52 of the Power Affidavit on the grounds that they contradict Power's responses in his Answer (Docket No. 60) to Connectweb's Counterclaims (Docket No. 52).[5] (See Docket No. 185 at 3-4, 7, 18 (citing Docket No. 52 ¶¶ 6-10, 18-19, 40; Docket No. 60 ¶¶ 6-10, 18-19, 40)). The Defendants contend that Power's failure to explicitly deny each of the corresponding allegations in his Answer amount to him having admitted to them, and that those sections of his affidavit which now dispute the Material Facts supported by these admissions are therefore contradictory. In his Opposition to the Motion to Strike (Docket No. 187), Power addresses only a handful of the Defendants' challenges before digressing into a discussion of unrelated issues. Power claims that he "meticulously answered the Counterclaims of Defendants" and that his affidavit "does not contradict any statements in his Answer[.]" (Id. at 3, 15).

"An allegation in a complaint is admitted when 'a responsive pleading is required and the allegation is not denied.'" Mills v. Turner, Civil Action No. 15-13267-MLW, 2017 WL 9885439, at *10 (D. Mass. July 10, 2017), report and recommendation adopted, 2017 WL 3670967 (D. Mass. Aug. 25, 2017) (quoting Fed. R. Civ. P. 8(b)(6)). Here, where Power did not explicitly deny the counterclaim allegations that underpin these particular Material Facts, his response for each was that he "[l]ack[ed] enough information to respond to [the] Counterclaim Plaintiff's allegations." (See Docket No. 60 ¶¶ 6-10, 18-19, 40). This response "has the effect of a denial" under Fed. R. Civ. P. 8(b)(5). See Fed. R. Civ. P. 8(b)(5); see also Perez-Sosa v. Sessions,

[5] Connectweb originally filed its "Counterclaims Against Plaintiff Matthew Power" (Docket No. 52) on June 7, 2022, before realleging those same counterclaims as part of its "Answer to Plaintiff's First Amended Complaint" (Docket No. 99) on April 14, 2023.

No. 17-1399 WES, 2018 WL 11477171, at *1 (D.P.R. Feb. 27, 2018) (recognizing Rule 8(b)(5)'s application and denying motion to strike and/or deem as admitted party's answers that it lacked sufficient information to respond). Because Power's response to each of the relevant counterclaim allegations amounts to a denial, they cannot be construed by the Defendants as admissions.

b) Inconsistent Answers

The Defendants have moved to strike Paragraphs 5, 7, 16-20, and 32 of the Power Affidavit on the grounds that they are inconsistent with the answers Power gave in response to the allegations made by Connectweb in its Counterclaims. (See Docket No. 185 at 3-7, 11-12 (citing Docket No. 52 ¶¶ 11, 13, 27, 49; Docket No. 60 ¶¶ 11, 13, 27, 49)). It is true that "[w]hen a party admits to facts in a complaint . . . this court may consider the fact as an admission for purposes of summary judgment." Mills, 2017 WL 9885439, at *10 (citing Pruco Life Ins. Co. v. Wilmington Tr. Co., 721 F.3d 1, 11 (1st Cir. 2013)) (additional citations omitted). Here, however, the discrepancies seem to be based on the fact that Power interpreted the allegations relating to "Web Software" as referring only to the software product Stamp Shop Web ("SSW"), while the Defendants intended those references to include the software product Custom Vantage Web ("CVW") as well. (See Docket No. 52 ¶ 19). Connectweb's interpretation is not clear in its Counterclaims. In light of these different interpretations and the fact that these disputes are not material to the issues raised by the summary judgment motion, these paragraphs of the Power Affidavit will not be stricken.

c) Unsupported Allegations

The Defendants object and move to strike numerous sections of the Power Affidavit[6] on the grounds that they are either contradicted or unsupported by Power's own responses in discovery.[7] (Docket No. 185 at 2-3, 4-5, 8-9, 12-18). "The law does not permit [an affiant] to contradict his . . . sworn interrogatory answers by submitting an affidavit to manufacture conflicts of fact so as to defeat summary judgment." Mandarini v. Accurate Engineered Concrete, Inc., No. 17-11123-LTS, 2019 WL 7371942, at *2-3 (D. Mass. Dec. 31, 2019) (striking affidavit paragraphs where affiant's explanations for the alleged inconsistencies were unsatisfactory and the interrogatories he had provided sworn answers to were not "unclear or ambiguous"). They also challenge numerous paragraphs[8] consisting "primarily of legal argument[,]" containing "transparently ingenuine assertion[s]" which "should not be credited[,]" and as otherwise being speculative or conclusory. (See Docket No. 185 at 7-8, 9-10, 13-15). Finally, the Defendants challenge virtually all of the remaining paragraphs of the Power

[6] These include Paragraphs 1, 12, 25-26, 35-36, 40, 42, 47, 49, and 54.

[7] Pursuant to the court's June 5, 2023 Phased Discovery Order, discovery was "divided into two phases[,]" with all discovery responses to Phase I requests to "be made by sealed court filing after which any party or the court may move to unseal the filing." (Docket No. 109 at 1-2). Although these submissions remain under seal, "for the purposes of deciding the present motion[], the Court will discuss and quote from limited portions of the sealed documents, as the probative value of doing so outweighs any prejudice to the parties." Better Holdco, Inc. v. Beeline Loans, Inc., 666 F. Supp. 3d 328, 345-46 n.1 (S.D.N.Y. 2023) (additional citation omitted). Moreover, in their briefs, both parties have either quoted from or cited to each of the sealed documents referenced in this Order, and neither party has objected to the other doing so.

[8] These include paragraphs 23-24, 27-28, 38, 41, and 44.

Affidavit as being inconsistent with uncontested documents, unresponsive, or otherwise inadmissible.[9] (See Docket No. 185 at 4-5, 10-11, 13, 15-16, 17-19).

"To be clear, a party's affidavit may be self-serving and yet, still present genuine issues of fact if it contains relevant information of which the party has first-hand knowledge." Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 315 (1st Cir. 2016) (citing Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000)). But although "a clearly self-serving affidavit constitutes evidence which the court must consider when resolving summary judgment motions[,]" Malave-Torres, 919 F. Supp. 2d at 204, such an affidavit "may not contain arguments or conclusory assertions that would not be admissible at trial." Reynolds, 364 F. Supp. 3d at 57 (additional citations and quotations omitted). In weighing the admissibility of such statements, "personal knowledge is the touchstone." Perez v. Volvo Car Corp., 247 F.3d 303, 315 (1st Cir. 2001) (citation omitted). Such personal knowledge "must concern facts as opposed to conclusions, assumptions, or surmise[,]" id. at 316, as "[w]ithout any specific factual knowledge to support a statement, it is a mere conclusion that cannot serve as probative evidence." Reynolds, 364 F. Supp. 3d at 57 (additional citations, quotations, and alteration omitted). "To the extent that affidavits submitted in opposition to a motion for summary judgment merely reiterate allegations made in the complaint, without providing specific factual information made on the basis of personal knowledge, they are insufficient." Santiago-Ramos, 217 F.3d at 53.

The court has carefully reviewed these challenges. To the extent that they address material facts, they shall be discussed in the Summary Judgment Decision.

[9] These include paragraphs 10, 14-15, 29-31, 37, 39, 46, 48, 50-51, 53, and 56.

(2) Exhibits to the Power Affidavit

In the second section of their motion, the Defendants move to strike Exhibits A, B, F, G, H, I, J, M, N, and P to the Power Affidavit from the summary judgment record pursuant to Fed. R. Civ. P. 26(e)(1) and 37(c)(1) on the grounds that these exhibits are responsive to their Phase I document requests but were in fact never produced. (Docket No. 185 at 1, 19-20). Power, in his Opposition, claims that "[w]here [he] has referenced or attached any exhibit . . . the exhibit was produced by [him] and shared with Defendants prior to the start of Phase I discovery, and/or was created by Defendants and already in their possession, and therefore already discovered." (Docket No. 187 at 3). However, beyond this assertion, Power offers no further argument or evidence of this ever having transpired.

"Adequate disclosure during discovery is 'consonant with the federal courts' desire to make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Coakley, 116 F. Supp. 2d at 242 (quoting Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992)) (additional quotations and citation omitted) (emphasis omitted). Consistent with these principles, Fed. R. Civ. P. 26(e)(1) states:

> [a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 37(c)(1) provides, in relevant part:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

It necessarily follows that finding a violation of Rule 26(e) precedes the imposition of any sanction under Rule 37(c). Courts have construed Rule 26(e) as imposing upon a party, their "continuing duty to supplement" their discovery responses with documents that are responsive to a party's requests. Miranda v. Deloitte LLP, 962 F. Supp. 2d 379, 384 n.3 (D.P.R. 2013). "Th[is] duty to supplement does not require [a party] to repeatedly request compliance or repeatedly object to [the producing party's] non-compliance with a document request." In re Celexa & Lexapro Mktg. & Sales Pracs. Litig., MDL No. 09-02067-NMG, 2017 WL 9324342, at *1 (D. Mass. May 10, 2017) (citing AVX Corp. v. Cabot Corp., 252 F.R.D. 70, 77 (D. Mass. 2008)). "As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use." Fed. R. Civ. P. 26, Committee Notes on Rules—2000 Amendment.

A party's failure to discharge its obligations under Rule 26(e) triggers Rule 37(c)(1), under which a party may be precluded from using the information it failed to otherwise disclose. Zampierollo-Rheinfeldt v. Ingersoll-Rand de P.R., Inc., 999 F.3d 37, 47 (1st Cir. 2021); see Rosario Urdaz v. Rivera Hernandez, 02-1498(SEC), 2004 WL 3670994, at *1-2 (D.P.R. June 15, 2004) (striking exhibits where plaintiff failed to properly supplement prior discovery requests and instead attached the documents as supporting exhibits to their opposition to defendants' motion for summary judgment). Despite Rule 37's seemingly harsh implications, "in the absence of harm to a party, a district court may not invoke the severe exclusionary

penalty provided for by Rule 37(c)(1)." Cruz-Vázquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 58 n.1 (1st Cir. 2010). And, even where harm exists, it has been suggested that "[p]reclusion is not strictly required[.]" Lawes v. CSA Architects & Eng'rs LLP, 963 F.3d 72, 91 (1st Cir. 2020).

Instead, in crafting the appropriate sanction, a court may weigh the "history of the litigation; the proponent's need for the precluded evidence; the justification (or lack of one) for the late disclosure; the opponent-party's ability to overcome the adverse effects of the late disclosure (surprise and prejudice); and the late disclosure's impact on the district court's docket." Zampierollo-Rheinfeldt, 999 F.3d at 47. "Surprise and prejudice are important integers in this calculation." Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 197 (1st Cir. 2006) (additional quotations and citation omitted).

After carefully reviewing the exhibits, this court concludes that most, but not all, should have been produced as being responsive to various discovery requests.[10] Nevertheless, for those exhibits that are indeed responsive, the application of the relevant factors counsel against their exclusion altogether. While Power has not provided an adequate justification for the late disclosure of these exhibits and the history of his participation in discovery in this litigation calls into question his willingness to openly exchange information, considering the evidentiary value and significance of the exhibits themselves, any adverse effect produced by their late disclosure is not substantial enough to warrant their exclusion. See In re Celexa, 2017 WL 9324342, at *2 (sanctions not warranted where Rule 26(e) violation was "harmless in light

[10] The court finds that Exhibits A, B, M, and N did not have to be produced as responsive to discovery requests.

of the cumulative nature and the minimal relevance, if any, of the documents"). Nevertheless, where appropriate, the court will assign the necessary weight to the challenged exhibits that appear responsive.

(3) Power's Response and Counterstatement

In the third and final section of their motion, the Defendants move to strike any portion of Power's Counterstatement which impermissibly relies on sections of the Power Affidavit which have been stricken. They claim that "[b]ecause the only evidence cited in [Power's] Response is [his] Affidavit, once [Power's] Affidavit is stricken, [his] Response must also be stricken." (Docket No. 185 at 20). Where appropriate, any section of Power's Counterstatement which cites to portions of the Power Affidavit will be given the same weight as the challenged paragraph(s) it cites in support.

## III. CONCLUSION

For the foregoing reasons, "Defendants' Motion [to] Strike Plaintiff's Sham Affidavit and Related Documents" (Docket No. 185) is ALLOWED IN PART and DENIED IN PART consistent with this court's Summary Judgment Decision issued herewith.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge