Matthew Power
60 Humphrey Street, Apt 2
Swampscott, Massachusetts 01907
781-267-4773
*Pro Se*

```
FILED
IN CLERKS OFFICE
2024 AUG -2 PM 12: 02
U.S. DISTRICT COURT
DISTRICT OF MASS.
```

| | |
|---|---|
| MATTHEW POWER<br><br>Plaintiff,<br><br>v.<br><br>CONNECTWEB TECHNOLOGIES, INC., MICHAEL BEAULIEU, PAUL BEAULIEU, RUBBER STAMP CHAMP, INC., ANCHOR RUBBER STAMP & PRINTING CO., INC., THE J.P. COOKE COMPANY, and GOOGLE, LLC,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS<br><br><br>CIVIL ACTION NO.: 1:22-cv-10030-JGD |

## PLAINTIFF'S MOTION TO SET ASIDE THE COURT'S DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DUE TO NEWLY FOUND EVIDENCE

Pursuant to Federal Rule 60(a), 60(b)(2) "newly discovered evidence", and 60(b)(3) "fraud", of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that the Court set aside its decision on Defendants' Motion for Summary Judgment.

## SUMMARY

On July 15, 2024, the Court decided in favor of Defendants' Motion for Summary Judgment, ALLOWING summary judgment regarding all of Plaintiff's claim (which the Court dismissed), while ALLOWING Defendants' motion regarding declaratory judgment of copyright ownership in Custom Vantage Web but DENYING Defendants' motion regarding its remaining Counterclaims against Plaintiff. The Court reached an erroneous decision by not considering evidence that Defendant Connectweb Technologies, Inc. ("Connectweb") committed multiple acts of fraud on the Court in having falsely claimed throughout this action that it owned the website template known as Custom Vantage Web ("CVW") prior to asking Plaintiff to work as an independent contractor for its clients.

After the Court's decision on Defendants' Motion for Summary Judgment, Plaintiff found new evidence that suggests that Connectweb does not own CVW, and that the website template that it claims as its own is an unauthorized derivative work of a third-party website template created by Flashmint some time on or before year 2013, at least a full year before Connectweb first released CVW to any client.

1. Attached as **Exhibit A** is Plaintiff's Affidavit Regarding Newly Discovered Material Evidence ("Plaintiff's Affidavit"), which the Plaintiff hereby submits as evidence that neither Connectweb nor Plaintiff can claim any copyright interest in CVW or any derivative work of CVW. Within Plaintiff's Affidavit are six attachments (labeled Exhibits 1 through 6) that support his sworn statements therein that he was the licensee and purchaser of Flashmint

website templates before he became an employee of Connectweb and stored a copy of these templates on his development computer; that he has personal knowledge of Connectweb's employees copying the Flashmint templates; that he based CVW on the Flashmint templates at Connectweb's direction; and that the Flashmint license does not allow claims of any intellectual property rights of licensees on modifications of the templates.

2. If the Court carefully considers the newly discovered evidence, it should conclude that neither party has a claim to CVW or any derivative work of CVW. Even if Connectweb could produce a receipt of having purchased Flashmint website templates that predate its directing Plaintiff to base CVW on the templates (Counterclaims, paragraph 18), the Flashmint license [Plaintiff's Affidavit, Exhibit 3] bars Connectweb's claims of copyright in the modified website template.

3. The newly discovered evidence (Plaintiff's Affidavit and supportive Exhibits) is not responsive to Phase I Discovery, since the parties' dispute in regard to copyright ownership was not focused around who authored the initial version of CVW - both parties have assumed that Connectweb Technologies, Inc. was the author, since Plaintiff was then an employee - but who authored the March 2016 version of CVW and its subsequent versions between March 2016 and June 2018 when Plaintiff was classified as an independent contractor and received 1099 forms for specific contracts, which only an independent contractor should receive. Therefore, neither party thought it relevant during Phase I discovery to ask for proof of authorship of any version of CVW predating the disputed March 2016 version. Such a request at that time would

have burdened the producing party for no legitimate reason and the Court would be right to disallow its production by reason of undue hardship on the producing party.

4. The newly discovered evidence is not prejudicial to either party, because it equally bars claims of copyright in CVW by both parties; neither party can successfully use the evidence to support a Declaratory Judgment of Copyright Ownership in CVW, and in fact, the Court must decide that CVW is an unauthorized derivative work and treat it like a work devoid of ownership or devoid of any creativity.

5. The newly discovered evidence was not saved for a surprise at a later time in the proceedings. As stated in Plaintiff's Affidavit, Plaintiff did not even remember the name of the company that sold him the website templates in 2013 prior to being employed in any capacity by Defendants; his credit card company had already destroyed the records of the purchase; by accident, he found an old untouched copy of the templates; by accident he found one of the remaining paper credit card statements that he had not already shred; by accident he found out that he purchased the products not from the author itself but from an authorized reseller which he supported with proof of the author having sold through retailers in the past.  Only after finding all of this evidence was he was able to conclude that Connectweb likely did not purchase its own Flashmint license before directing Plaintiff to base CVW on one or more of the templates licensed to Plaintiff.  Even if Connectweb did secure a license from Flashmint, for the same reasons stated above, Flashmint does not allow its licensees to claim copyright in any derivative works using its website templates, so its claim of copyright in CVW is moot.

6. This Court has erroneously decided that Connectweb Technologies, Inc. is the rightful owner of copyrights in CVW and any derivative works.

**WHEREBY**, Plaintiff respectfully asks this Court, pursuant to the aforementioned Federal Rules, to:

A. accept the newly discovered evidence;

B. allow the Defendants a chance to respond to the newly found evidence and produce the written authorization from Flashmint for Connectweb to create a derivative work of its website templates;

C. and, having carefully considered the evidence, Defendants' response, and Plaintiff's reply, set aside its decision on Defendants' Motion for Summary Judgment.

DATED this 1st day of August, 2024.

Respectfully submitted,

/s/Matthew Power

Matthew Power
60 Humphrey Street, Apt 2
Swampscott, Massachusetts 01907
matthew_power@comcast.net
781-267-4773

*Pro Se*

**CERTIFICATE OF SERVICE**

5

I hereby certify that on August 1, 2024, I sent the foregoing by mail this day to the Clerk of Court to be filed with the Court's ECF system in order that it may be served on all registered participants as identified on the Notice of Electronic Filing.

                                                /s/Matthew Power